## UNITED STATES
### v.
### Richard Floyd SELLARS, 152 66 8706, Seaman Recruit (E–1), U. S. Navy.

### NMCM 81 0802.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 June 1980.

Decided 31 July 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LTCOL A. P. Tokarz, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

BAUM, Senior Judge (dissenting):

Appellant has assigned one error before this Court: that an unsuspended bad-conduct discharge is inappropriately severe punishment. I agree that a punitive discharge constitutes an inappropriate punishment for the six specifications of failure to go to an appointed place of duty—offenses for which, individually, a maximum punishment of only one month's confinement is authorized. Although not cited by appellant, I find, as well, other errors that warrant setting aside the bad-conduct discharge.

I believe the military judge erred to appellant's prejudice when he overruled the defense objection to Prosecution Exhibit 7, an adverse entry in appellant's service record made without complying with the requirements of Article 1110, United States Navy Regulations (1973). *See United States v. Shelwood*, 10 M.J. 755, 758 (N.C.M. R.1981). (BAUM, Senior Judge, concurring in part/dissenting in part). I would reassess the sentence in light of this prejudicial error and upon reassessment set aside the bad-conduct discharge. In addition, I find that, in this reassessment and approval of the sentence, the supervisory authority did not adequately purge the prejudicial error he found in the judge's admission of Prosecution Exhibit 4.

Finally, there is a strong possibility that appellant was punished for the instant offenses prior to his court-martial. The facts bearing on this matter first surfaced during the guilty plea inquiry when appellant, in response to a question from the judge, said:

ACCUSED: ... On the 29th I was still down in the compartment, ... when, after sea and anchor detail[,] they took me up [to] the Master at Arms shack. I spent all day sitting out there[.] [T]hen the 30th of May, they proceeded to come down to the compartment, put me in handcuffs around a pole and I sat out there for fourteen hours in front of the Master at Arms shack.

Later, in an unsworn statement to the court, appellant elaborated further on this subject:

Q: Now, earlier we covered that you had some periods on the ship ... on the 29th and the 30th, where you were pretty highly restricted. On the 29th, what were you required to do?

A: Just made me sit out in front of the Master at Arms shack—close to ten hours that day. [I was] [u]nable to move, except [with] an escort [when I] was ... authorized to go to the head.

Q: And on the next day, the 30th, what were you required to do?

A: On the 30th, they had me handcuffed around the pole, outside, at the Master at Arms shack. Fourteen hours.

Q: How long were you sitting around this pole? Were you sitting, or standing, or how did they do that?

A: They took both hands, and handcuffed them.

Q: Around the pole?

A: Both arms [were] around the pole, and I had to sit there [w]hile everybody on that ship sat there and watched me.

The judge, without probing further into this matter, handled the treatment of appellant as lawful pretrial confinement. On the contrary, it appears to me that what appellant's unrebutted testimony described could very well amount to cruel and unusual punishment imposed for the offenses of which appellant now stands convicted and sentenced to a punitive discharge. In my view, the military judge should have fully examined the facts in this area and, if they supported the conclusion that appellant had been punished for the instant offense, then the judge might have been justified in treating these deprivations as equivalent to punishment imposed for minor offenses under Article 15, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 815, and thus, pursuant to paragraph 215c, *Manual for Courts-Martial, 1969 (Revised)*, a bar to trial. If the judge did not view the actions taken against the appellant in this light, he at least should have seen them as possibly illegal pretrial confinement which would call for the explicit remedy of administrative credit as set forth in *United States v. Larner*, 1 M.J. 371 (C.M.A. 1976). The confinement having run, it is impossible to grant that remedy now. I consider the judge's failure to pursue this issue to have been error and a further ground for mitigating the sentence and possibly setting aside the findings and sentence depending upon the ultimate characterization of appellant's pretrial restraint. Most significantly, however, I deem the shipboard restraining actions revealed during this trial to be an indication of a serious breach of our military justice system warranting full inquiry by appropriate authority, possibly the Judge Advocate General pursuant to his responsibilities under Article 6, UCMJ, 10 U.S.C. § 806. If these actions are substantiated as violations of the UCMJ, appropriate corrective and disciplinary action should be taken against those responsible for such abuses.